BLUE, Chief Judge.
In these consolidated appeals, R. Martin Salzgeber seeks reversal of the final judgment entered after a jury verdict and the order awarding attorney’s fees. Thomas F. Kelly cross-appeals the twenty percent reduction of attorney’s fees. We affirm in all respects but write because Dr. Salzge-ber’s issue concerning the fees appears to be one of first impression.
Mr. Kelly successfully convinced the jury of his entitlement to damages as the result of a false credit report filed by Dr. Salzgeber. The jury also found Dr. Sal-zgeber’s conduct supported an award of punitive damages. Mr. Kelly sought and was awarded attorney’s fees pursuant to section 559.77, Florida Statutes (1995), as a result of the damage award claimed pursuant to section 559.72(7).
Dr. Salzgeber contends the language of section 559.77 and the contract between Mr. Kelly and his attorney do not allow an award of fees that exceeds the contingency contained in the contract. The pertinent part of the contract reads as follows:
In the event that the Court awards attorney’s fees in addition to any principal amount due I(We) agree that my attorneys shall be entitled to a reasonable fee based on the time involved, complexity of issues, and other factors espoused by the Courts of Florida not limited by the amount in controversy, or the percentage set forth above, but in no instance less than the amount due under Paragraph (1) above [in this case 40%].
Section 559.77 reads, in part, “Upon adverse adjudication, the defendant shall be liable for ... court costs and reasonable attorney’s fees incmred by the plaintiff.” (Emphasis supplied.) Dr. Salzgeber argues, somewhat convincingly, that under the retainer agreement the only fee Mr. Kelly was obligated to pay was forty percent of the judgment, and thus no fee had been “incurred” above that amount.
However compelling Dr. Salzgeber’s argument is, this situation was addressed by Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990) (discussing three categories of attorney’s fee cases). This case is a category one case, a public policy enforcement case. “[T]he primary purpose of [category one] fee authorizing statutes is to encourage individual citizens to bring civil actions that enforce statutory policy.” 555 So.2d at 833. In public policy enforcement cases, the “contractual fee arrangement between the plaintiff and his attorney [does] not cap the amount of fees awarded in this type of case.” Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 407 (Fla.1999). Accordingly, the fee award was authorized.
The trial court entered the appropriate, detailed order, which we affirm.
Affirmed.
ALTENBERND and GREEN, JJ., concur.